NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Shawn Hawk,<br>　　　　　Petitioner,<br>v.<br>David Shinn, et al.,<br>　　　　　Respondents. | No. CV-20-02263-PHX-SRB<br>**ORDER** |

Petitioner, Robert Shawn Hawk filed his Petition for Writ of Habeas Corpus on November 23, 2020 and his Amended Petition on January 19, 2021. Respondents answered on April 26, 2021 requesting dismissal of the Petition on the grounds that it was untimely and the claims were procedurally defaulted. Petitioner replied on May 10, 2021. On June 28, 2021, the Magistrate Judge issued her Report and Recommendation finding Petitioner's claims procedurally defaulted without excuse and recommending that the Petition be dismissed with prejudice. Petitioner filed timely written Objections on July 12, 2021.

The Amended Petition asserts two Equal Protection claims both related to Petitioner's claim that he is being held in prison beyond the expirations of his sentence because Arizona is not crediting him with the time since his claimed completion of his California sentence. From this Court's review of the record, and as found by the Arizona post-conviction relief court, Petitioner's claims are based on a typographical error in a California parole release memo that stated his parole eligibility date was August 15, 2013.

It is undisputed that the California Parole Board granted Petitioner parole on September 28, 2018 and that Petitioner was released on parole on January 22, 2019. January 22, 2019 is the date that Arizona began crediting Petitioner for service of his Arizona sentence.

Petitioner first raised his claim that he was being held beyond the expiration of his sentence in a Motion for Discharge of Sentence filed in state court on March 6, 2018. That motion was denied. Petitioner filed a Petition for Post-Conviction Relief in state court on June 10, 2019, again claiming that he was entitled to credit on his Arizona sentence from August 15, 2013, and therefore, was being held beyond his sentence expiration date. The Petition was denied because Petitioner was not released from his California sentence until January 22, 2019, had not yet completed his Arizona sentence, and therefore, was not held beyond his sentence expiration date. Petitioner filed a Petition for Review in the Arizona Court of Appeals which granted review but denied relief finding his claim precluded because it had previously been adjudicated on the merits in his 2018 Motion for Discharge. The Court of Appeals refused to consider Petitioner's Equal Protection claim because he had not raised it in his Petition for Post-Conviction Relief in the trial court.

The Magistrate Judge concluded that Petitioner failed to properly raise any federal constitutional claim in state court before filing his habeas petition and has procedurally defaulted the federal claims he now tries to raise in this court. Federal constitutional claims were mentioned for the first time in Petitioner's Reply in support of his Post-Conviction Relief Petition which is insufficient as found by the Magistrate Judge and the Arizona Court of Appeals.

Petitioner's failure to fairly present his federal claims in state court resulted in a procedural default which the Magistrate Judge found was unexcused because Petitioner had shown no "cause and prejudice" for his procedural default. The Magistrate Judge also found no exception for miscarriage of justice because Petitioner made no showing of actual innocence.

In his Objections, Petitioner argues that he did not procedurally default his claims but raised the factual basis for them in his state court filing. Petitioner agrees that fair

presentation requires alerting the state court that he was making a federal constitutional claim and asserts that he did so by telling the state court he was being held without lawful authority and beyond his sentence expirations date. He also argues without citing any authority that his Reply brief's assertion of a violation of Equal Protection was a fair presentation of his federal constitutional claims in state court.

The Court agrees with the Magistrate Judge and the Arizona Court of Appeals that raising a claimed violation of Equal Protection in a Reply brief is not a fair presentation and cannot avoid the procedural default. The Court also agrees with the Magistrate Judge that Petitioner's recitation of the same facts here as presented to the state court is insufficient to establish exhaustion. *Shumway v. Payne*, 223 F3d 982, 988 (9th Cir. 2000).

Petitioner does not object to the Magistrate Judge's conclusion that no "cause and prejudice" was established to excuse the procedural default but does claim that he has shown a miscarriage of justice that allows his claims to be considered. Petitioner admits that he is not claiming actual innocence but argues that the miscarriage of justice exception to procedural default encompasses circumstances other than a showing of actual innocence. He argues without citation to authority that if "the court becomes aware of the unlawful imprisonment of a person and fails or refuses to act" a miscarriage of justice occurs that excuses a procedural default. Petitioner says this is just simple common sense. But this Court follows precedent not Petitioner's claim of simple common sense. Moreover, if simple common sense were the standard to be applied, simple common sense leads to the same conclusion that the state court came to-Petitioner's claim is based on an obvious typographical error. The reality is, as found by the state court, that Petitioner was released from his California sentence on January 22, 2019, then began serving his consecutive sentence for his Arizona conviction, and is not being unlawfully held beyond his sentence expiration date.

The Court finds itself in agreement with the Report and Recommendation of the Magistrate Judge.

. . .

**IT IS ORDERED** overruling Petitioner's Objections to the Report and Recommendation.

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 16)

**IT IS FURTHER ORDERED** denying the Amended Petition for Writ of Habeas Corpus and dismissing it with prejudice. (Doc. 6)

**IT IS FURTHER ORDERED** denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal because dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly

Dated this 9th day of August, 2021.

_____
Susan R. Bolton
United States District Judge